IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| APPLEBY APARTMENTS LP, | § | |
| | § | |
| Plaintiff Below, | § | No. 37, 2024 |
| Appellant, | § | |
| | § | |
| | § | Court Below—Court of Chancery |
| v. | § | of the State of Delaware |
| | § | |
| APPLEBY APARTMENTS | § | |
| ASSOCIATES, L.P., | § | C.A. No. 2022-0325 |
| | § | |
| Defendant Below, | § | |
| Appellee. | § | |

Submitted: February 21, 2024
Decided: February 29, 2024

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## **ORDER**

(1)  In April 2022, the plaintiff-appellant Appleby Apartments LP (the "Buyer") filed a complaint in the Court of Chancery seeking specific performance of an agreement to purchase real property from the defendant-appellee Appleby Apartments Associates, L.P. (the "Seller"). The Seller moved to dismiss. The Buyer filed an amended complaint seeking specific performance or, alternatively, damages for breach of contract, and the Seller again moved to dismiss. After briefing and argument on the motion, a Magistrate in Chancery issued a final report on March 31, 2023, recommending dismissal of the action with leave to transfer to a court with jurisdiction.

(2)     The Buyer filed exceptions to the Magistrate's report.[1]  After briefing, a Vice Chancellor overruled the exceptions and adopted the Magistrate's report, but remanded the matter to the Magistrate to resolve the Seller's argument that it was entitled to attorneys' fees under a contractual fee-shifting provision.  After submissions from the parties regarding fees, the Magistrate issued a final report on November 30, 2023, determining that the Seller was entitled to recover attorneys' fees.  The Magistrate's report directed the Seller to submit an affidavit of attorneys' fees and costs within ten days and provided that the Buyer could respond within ten days of the Seller's submission.  The report further provided that the time for filing exceptions under Court of Chancery Rule 144 would be stayed until the Magistrate determined the amount of fees to be shifted.

(3)     On December 1, 2023, the Seller submitted an affidavit of attorneys' fees and costs.  The Buyer did not respond, and on January 5, 2024, the Magistrate entered a minute order approving the Seller's request as unopposed.  On January 10, 2024, the Seller submitted a proposed order awarding the Seller $51,144.88 in attorneys' fees.  The Magistrate approved the proposed order on January 11, 2024.  The Buyer did not file exceptions.  On January 30, 2024, the Buyer filed a notice of appeal in this Court.  The Senior Court Clerk issued a notice directing the Buyer to

---

[1] *See* DEL. CT. CH. R. 144(a) ("A Magistrate in Chancery shall issue a decision in the form of a final report."); *id.* R. 144(c)-(f) (providing that any party may take exception to a Magistrate's final report and establishing procedures for resolution of exceptions).

show cause why this appeal should not be dismissed as interlocutory because the Magistrate's January 11, 2024 order has not been approved and entered as a final order of the court as provided in Court of Chancery Rule 144(c).

(4)     In response to the notice to show cause, the Buyer quotes the portion of Court of Chancery Rule 144(c) that provides that "[i]f a notice of exception to a final report is not timely filed, then the parties shall be deemed to have stipulated to the approval and entry of the report as an order of the Court."[2]  The Buyer states that it filed the notice of appeal within thirty days of the Magistrate's January 11, 2024 order based upon that rule and the absence of any adopting order after the passage of approximately twenty days.  The Seller responds that the January 11, 2024 order is not an appealable final order in the absence of an adopting order by the Chancellor or a Vice Chancellor.  The Seller contrasts the language of Rule 144(c) with that of Rule 144(g), which provides that, for specified types of orders by a Magistrate, in the absence of action by the Chancellor within three days after the expiration of a shortened exception period, "the order shall be deemed adopted in its entirety as an order of the Court, and shall have the same effect as though issued by a Chancellor or Vice Chancellor."[3]  The Seller also observes that the parties did not stipulate to

---

[2] *Id.* R. 144(c).
[3] *Id.* R. 144(g).  Rule 144(g) applies to "scheduling orders, any order issued in an uncontested civil miscellaneous action, preliminary orders setting a matter for a hearing and directing that notice shall be provided and returns of sale."  *Id.*

submit the matter to a Magistrate for final decision under Court of Chancery Rule 144(h).[4]

(5) After careful consideration, we conclude that the Court lacks jurisdiction to hear this appeal. Court of Chancery Rule 144(c) provides that, if no exceptions to a Magistrate in Chancery's final report are filed, "then the parties shall be deemed to have stipulated to the approval and entry of the report as an order of the Court." In contrast with Court of Chancery Rule 144(g), which applies only to specified types of orders, the language of Rule 144(c) is not self-executing—it requires the court to enter an adopting order before there is a final, appealable order. In the absence of an adopting order entered by the Chancellor or a Vice Chancellor

---

[4] *See id.* R. 144(h) ("Subject to the approval of the Court, the parties may agree to submit any case or proceeding or any claim or issue in a case or proceeding to a Magistrate in Chancery for a final decision that shall not be subject to further judicial review. Any such agreement must be embodied in a stipulation filed with the Register in Chancery (i) specifying the case, proceeding, claim, or issue to be submitted to the Magistrate in Chancery for final decision, (ii) waiving the right of any party to seek further judicial review of the Magistrate in Chancery's decision, and (iii) reciting that each party has consulted with counsel and agreed to the submission of the case, proceeding, claim, or issue to the Magistrate in Chancery for a final decision that shall not be reviewable. The stipulation shall be executed by counsel for all parties and approved by the Court. Matters governed by the stipulation shall proceed in accordance with Rules 136 through 147, except that no exceptions shall be taken to the final report, which shall have the same effect as a final order of the Court and shall not be subject to further judicial review or appeal."). We note that the language of Rule 144(h), on its face, does not make Magistrate orders directly appealable to this Court, because the rule provides that orders in matters that are subject to such a stipulation "shall not be subject to further judicial review *or appeal*." *Id.* (emphasis added). *But cf.* 10 *Del. C.* § 350 ("The parties in any matter may stipulate to a final adjudication of the matter by a Magistrate of the Court of Chancery. In such a stipulation, the parties shall consent that the decision of the Magistrate shall have the same effect as a decision of a member of the Court of Chancery. Appeals from decisions of the Magistrate in a matter governed by such a stipulation shall be determined in all respects by the same procedural and substantive standards as are applicable to appeals from decisions of members of the Court of Chancery.").

4

under Court of Chancery Rule 144(c)—or a stipulation under 10 *Del. C.* § 350—the Court lacks jurisdiction to hear this appeal.[5] The appeal therefore must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[5] *See, e.g.*, *Timco v. Allied World*, 2023 WL 8739455 (Del. Dec. 18, 2023) (dismissing appeal from Magistrate's order in matter in which there was no stipulation under 10 *Del. C.* § 350); *In re Real Estate of Smith*, 2021 WL 2303069 (Del. June 4, 2021) (same); *Kumar v. Modi*, 2021 WL 1191718 (Del. Mar. 29, 2021) (same).